UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00096-JGB-JDE | Date | January 14, 2026 |
|---|---|---|---|
| Title | Serhat Baran v. M. Bowen, Warden, et al. | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge |
|---|---|

| Amber Rodriguez | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Petitioner: | Attorneys Present for Respondents: |
| n/a | n/a |

**Proceedings:**     (In Chambers) Order to Show Cause re Dismissal

On January 9, 2026, the Court received from Serhat Baran ("Petitioner"), "a civil immigration detainee," an "Emergency Motion for Temporary Restraining Order in Support of Pending Petition for Writ of Habeas Corpus," seeking an order preventing his removal or transfer while his "Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 remains pending before this Court." Dkt. 1 ("TRO"). Despite Petitioner's references to a "pending habeas petition," the Court has not received a petition for writ of habeas corpus from Petitioner.

Federal courts are courts of limited jurisdiction, limited to deciding cases or controversies. See Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 654 (9th Cir. 2002). Before seeking injunctive relief, a plaintiff must first file a complaint with the court. See Stewart v. U.S. I.N.S., 762 F.2d 193, 198 (2d Cir. 1985) ("Only after an action has been commenced can preliminary injunctive relief be obtained."); see also Fed. R. Civ. Proc. 3 ("A civil action is commenced by filing a complaint with the court."). It is axiomatic that a request for preliminary injunctive relief can only pertain to issues framed by the complaint. See Garcia v. Google, Inc., 786 F.3d 733, 744-46 (9th Cir. 2015) (en banc) (because of a "mismatch" between plaintiff's claim and dangers she hoped to remedy through an injunction, district court did not abuse its discretion in denying injunctive relief); Peace & Freedom Party v. Bowen, 2012 WL 1455248, at *7 (E.D. Cal. Apr. 26, 2012) (finding argument could not support motion for injunctive relief because it was not included in the complaint); Pamer v. Cal. Dep't of Corr., 2007 WL 2778913, at *11 (N.D. Cal. Sept. 21, 2007) (finding request for injunctive relief was improper where the request did not pertain to the issues as framed by the operative complaint). A case is subject to dismissal where the plaintiff has not filed a complaint or petition. See Wiltse v. Pickering, 2025 WL 1001185, at *1 (D. Nev. Apr. 2, 2025) (recommending that plaintiff's motions for a TRO be denied without prejudice because plaintiff did not file a complaint and advising plaintiff that the failure to file a proper complaint may result in a recommendation that the case be dismissed); Holmes v. Schriro, 2008 WL 4629514, at *1 (D. Ariz. Oct. 17, 2008) (finding request for temporary restraining order was not properly before the court because there was no complaint pending).

Because Petitioner has not filed a petition for writ of habeas corpus, there is no case or controversy pending before the Court. Pac. Radiation Oncology, LLC v. Queen's Med. Ctr., 810

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 5:26-cv-00096-JGB-JDE | Date | January 14, 2026 |
|---|---|---|---|
| Title | Serhat Baran v. M. Bowen, Warden, et al. | | |

F.3d 631, 633 (9th Cir. 2015) ("A court's equitable power lies only over the merits of the case or controversy before it. When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction."). As such, this action is subject to dismissal.

     The Court therefore ORDERS Petitioner to show cause in writing **within thirty (30) days** of this Order why this action should not be dismissed for failure to file a habeas petition. Alternatively, Petitioner may instead file a proper habeas petition under 28 U.S.C. § 2241 within thirty (30) days of this Order. The Clerk is directed to send Petitioner a blank copy of the Central District federal habeas petition form (CV-27) for this purpose.

     **Petitioner is cautioned that a failure to respond timely in compliance with this Order will result in this action being dismissed for the foregoing reasons, for failure to prosecute, and/or for failure to comply with a Court order.** See Fed. R. Civ. P. 41(b).

     IT IS SO ORDERED.

| | Initials of Courtroom Deputy | ARO |
|---|---|---|